IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LEANDRO ESTRADA § | |
|     TDCJ-CID NO. 886754 § | |
| v. § | C.A. NO. C-11-275 |
| § | |
| RICK THALER § | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Ramsey Unit in Rosharon, Texas. On August 24, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. (D.E. 1). Pending is Respondent's motion for summary judgment. (D.E. 13). Petitioner filed a response opposing this motion. (D.E. 14). For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted, and that this habeas petition be dismissed.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner was convicted in Nueces County, Texas. (D.E. 1, at 2). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(6).

**II. FACTUAL BACKGROUND**

On September 3, 1998, Petitioner was indicted on one count of first degree murder and one count of engaging in organized criminal activity. (D.E. 11-14, at 47-48). He pled guilty on August 29, 1999, id. at 49-50, pursuant to the terms of a plea agreement, wherein the prosecution promised to recommend a sentence of thirty-five years imprisonment and further urge that he "be

placed in protective custody in the Nueces Co[unty] jail and in the ID TDCJ." Id. at 32-33. The trial court entered a judgment of guilty the next day, sentencing him to serve two concurrent thirty-five year terms of imprisonment at the institutional division of the Texas Department of Criminal Justice ("TDCJ"). Id. at 51-54.

Petitioner elected not to directly appeal his conviction. (D.E. 1, at 3). He did, however, file his first application for a state writ of habeas corpus challenging his conviction on September 30, 2003, alleging that his plea of guilty was entered involuntarily. (D.E. 11-2, at 7, 11). This application was denied on February 8, 2004. Id. at 2. Petitioner filed another state habeas application on September 12, 2005, contending that there was insufficient evidence to support his conviction for engaging in organized criminal activity and that he did not receive effective assistance of counsel. (D.E. 11-7, at 6, 11). This application was also denied on November 23, 2005. (D.E. 11-7, at 2). In a third state habeas application filed on January 19, 2006, Petitioner repeated his argument that there was insufficient evidence to support his conviction of engaging in organized criminal activity and that he received ineffective assistance of counsel. (D.E. 11-11, at 7, 12). This application was denied on July 12, 2006 for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure. (D.E. 11-11, at 2). Petitioner filed his fourth and most recent state habeas application on June 2, 2011, claiming that the TDCJ was violating the terms of his plea agreement and depriving him of due process by determining that he was ineligible for participation in certain rehabilitation programs necessary for parole release. (D.E. 11-14, at 6, 11). This application was denied without written order on August 3, 2011. Id. at 2.

### III. PETITIONER'S ALLEGATIONS

Petitioner raises only one ground for habeas relief.[1] (D.E. 1, at 7). He alleges that TDCJ officials have violated his right to due process by keeping him in protective custody segregation in violation of the terms of his plea agreement. Id. at 15. He contends that the TDCJ's refusal to release him into a safe-keeping unit within the prison's general population renders him unable to participate in the rehabilitation programs necessary for parole release. Id. at 7.

### IV. DISCUSSION

Respondent argues that Petitioner's claims should be dismissed as either unexhausted and procedurally barred, time-barred, as well as conclusory and meritless. (D.E. 13, at 1, 3).

**A.  The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the

---

[1] By addressing the voluntariness of Petitioner's guilty plea, (D.E. 13, at 14), Respondent seemingly interprets Petitioner's action as raising an involuntary plea claim. On the contrary, Petitioner has explicitly indicated that he "does not challenge his conviction" both in his memorandum in support of this petition, (D.E. 1, at 14), and in his memorandum in support of the state habeas application. (D.E. 11-14, at 13). Neither this habeas petition nor the supporting memorandum contain any allegation that his plea was entered involuntarily. Moreover, the remedy Petitioner seeks involves the vindication of his rights pursuant to the purported plea agreement, not its invalidation. (D.E. 1, at 19-20). Therefore, an involuntary plea claim is not addressed.

absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992) (citations omitted). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). The Fifth Circuit has instructed lower courts to construe pro se habeas petitions liberally. Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

**B.     Federal Habeas Corpus Standard Of Review Pursuant To The AEDPA.**

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), courts may not grant habeas relief unless a petitioner demonstrates that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination in light of the facts." 28 U.S.C. § 2254(d); see also Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (discussing § 2254(d)). Thus, "federal habeas relief is only merited where the state court decision is both incorrect *and* objectively unreasonable." Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)). The AEDPA's provisions "ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citing Williams, 529 U.S. at 403-04).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. Bell, 535 U.S. at 694 (citing Williams, 529 U.S. at 404-05). The Bell Court elaborated on the distinctions between "contrary to" and an "unreasonable application:"

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an

5

unreasonable application is different from an incorrect one.

Id. (internal citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted). The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's 'decision' and not the written opinion explaining that decision.'" St. Aubin v. Quarterman, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); accord Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003) (citing Neal, 286 F.3d at 246). The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning." Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (per curiam) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is available only if a state court decision is objectively unreasonable. Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000). A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001). As with the "contrary to" test, the focus of the "unreasonable application" test is "on the ultimate

legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence." Neal, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'" Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)). The presumption of correctness is also accorded to adjudications made during state post-conviction proceedings. Id. The burden to rebut the presumption of correctness remains on the petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair." Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)). In some circumstances, findings of fact may be implied from conclusions of law. See Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted); Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

**C.     Petitioner's Claim Has Been Exhausted.**

Respondent asserts that Petitioner failed to exhaust his involuntary plea claim because "[Petitioner] did not contend that the State promised to keep him in the general prison population or recommend parole release on the first review in that application." (D.E. 13, at 8). He seems to argue that because Petitioner's state habeas application only alluded to the State's promise "that he is to participate in rehabilitation programs," the Texas Court of Criminal Appeals was not sufficiently on notice regarding the nature of his legal claim. Id. He also objects to Petitioner's use of the State's written recommendation to the TDCJ regarding prison cell arrangements and parole release timing on the basis that it is an unexhausted document. Id. at 16

n.3. Consequently, Respondent seeks dismissal of these claims for federal habeas relief because they have not been exhausted and are therefore procedurally barred. Id. at 9.

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: (1) the inmate has exhausted his legal remedies in the state courts; (2) state corrective processes are absent; or (3) circumstances render such processes insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the State.[2] See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Carter v. Estelle, 677 F.2d 427, 443-44 (5th Cir. 1982). The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citing Picard v. Connor, 404 U.S. 270, 275-77 (1971)). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (citations omitted).

The petitioner must also present his claim in accordance with the state court's procedural rules. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted). If the petitioner fails in this respect, and "the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default," federal courts are "procedurally barred" from reviewing the claim. Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999) (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)). A claim is also procedurally

---

[2] In Texas, the highest court for habeas review is the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 4.04; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

defaulted where a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," Coleman, 501 U.S. at 735 n.1, thereby obviating the need for an express denial of relief by the state court. See Finley v. Johnson, 243 F.3d 215, 219-20 (5th Cir. 2001) (unexhausted claim that was neither presented nor adjudicated in state court was procedurally defaulted); Nobles v. Johnson, 127 F.3d 409, 422-23 (5th Cir. 1997) (finding an unexhausted claim procedurally defaulted due to the presence of a state procedural bar); Emery v. Johnson, 139 F.3d 191, 195-96 (5th Cir. 1997) (same).

Petitioner's state habeas records support the conclusion that he properly exhausted his sole claim before the Texas Court of Criminal Appeals. The exhaustion doctrine "requires only that state prisoners give state courts a *fair* opportunity to act on their claims." O'Sullivan, 526 U.S. at 844 (emphasis in original) (citations omitted). "Although exhaustion inquiries are fact-specific, as a general rule 'dismissal is not required when evidence presented for the first time in a habeas proceeding *supplements*, but does not *fundamentally alter*, the claim presented to the state courts.'" Anderson, 338 F.3d at 386-87 (quoting Caballero v. Keane, 42 F.3d 738, 741 (2d Cir. 1994)) (emphases in original). Only where a petitioner presents to the federal court "*material* additional evidentiary support that was not presented to the state court" has the Fifth Circuit consistently found a failure to exhaust. Morris v. Dretke, 379 F.3d 199, 204-05 (5th Cir. 2004) (quoting Anderson, 338 F.3d at 386) (emphasis in original). New evidence is material when it "places the claims in a significantly different legal posture." Anderson, 338 F.3d at 387 (quoting Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997)).

In the memorandum supporting this petition for habeas relief, Petitioner referred to the

prosecution's recommendation to the TDCJ regarding prison cell arrangements and parole release timing:

> It is therefore, without hesitation, that the State strongly urges TDCJ to place [Petitioner] in the general population on a safe-keeping unit where other similarly situated inmates are housed, and the State strongly recommends that [Petitioner] be granted parole upon his first review.

(D.E. 1, at 15).  Respondent essentially argues that by quoting this passage in this federal habeas petition but not in the state habeas application, Petitioner has presented material additional evidentiary support that places the claim in a significantly different legal posture.  Accordingly, Respondent submits that Petitioner fundamentally altered the claim presented to the state court.

It is difficult to fathom how Petitioner's quoted passage is materially different from the assertion in his state habeas application that his plea bargain contract contained a promise that "he is to participate in rehabilitation programs provide [sic] by State officials, programs that affect specific parole reviews."  (D.E. 11-14, at 11).  His legal claim before the Texas Court of Criminal Appeals was that he was being deprived of his right to due process because his plea agreement was being violated, and this claim remains unchanged before this Court.  At most, a clarification of the plea agreement's contents would be new evidence that merely "supplements" the claim presented to the state court; consequently, dismissal for lack of exhaustion would not be warranted.  See Anderson, 338 F.3d at 386 (citation omitted).  Therefore, it is respectfully recommended that Respondent's motion for summary judgment on the basis of exhaustion be denied.

**D.      Petitioner's Claim Was Filed Outside Of The Limitations Period.**

AEDPA provides a one-year limitations period for filing a federal habeas petition in district court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That period runs from the latest of four alternative dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Nevertheless, certain actions will toll the limitations period. For example, while a prisoner seeks state habeas review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Respondent claims, and Petitioner does not deny, that § 2244(d)(1)(D) is the only pertinent limitation. (D.E. 13, at 5). Petitioner claims that he only discovered that he would be rendered ineligible for parole release in January 2011. (D.E. 11-14, at 14). Because the time for direct review expired more than a decade before Petitioner claims he discovered the factual

predicate of this claim, § 2244(d)(1)(A) is inapplicable. Petitioner also does not suggest that the State created any impediment to his claim, the record also does not indicate that this occurred, and therefore § 2244(d)(1)(B) is irrelevant. Finally, he has not advanced an argument for why or how any recent Supreme Court decisions acknowledged rights that he now claims; accordingly, § 2244(d)(1)(C) does not apply.

Petitioner cannot toll AEDPA's limitations period with his bald assertion that he only recently discovered he would be ineligible for parole release in January 2011. Before § 2244(d)(1)(D) can be invoked, the Fifth Circuit requires the petitioner to provide an explanation for why the petition was filed late. See Jones v. King, 360 F. App'x 569, 570 (5th Cir. 2010) (per curiam) (unpublished) (declining to apply § 2244(d)(1)(D) due to the failure of the petitioner to "establish[ ] that he could not have previously discovered the factual predicate for his claims through the exercise of due diligence"); LeBlanc v. Travis, 352 F. App'x 966, 967 (5th Cir. 2009) (per curiam) (unpublished) (petitioner failed to show why the limitations period should be tolled pursuant to § 2244(d)(1)(D)) because he "present[ed] no reason why he could not have reasonably presented this evidence through the exercise of due diligence"). By resting his argument on nothing else, Petitioner has failed to carry his burden of showing that could not have discovered the factual predicate for this claim earlier. Accordingly, it is respectfully recommended that the petition was filed outside the limitations period.

**E.      Petitioner Is Not Entitled To Equitable Tolling.**

Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the petition, or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam)

(citation omitted). "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The doctrine is available "'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). The Supreme Court has recently reminded that, when evaluating equitable tolling, habeas "courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2263 (2010).

A careful review of the record does not reveal any potentially "rare and exceptional" circumstances warranting equitable tolling. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted). Moreover, Petitioner provides no explanation for why he filed his federal habeas petition late; therefore, he fails to demonstrate that he "has been pursuing his rights diligently." Lawrence, 549 U.S. at 336 (citation omitted). Accordingly, it is respectfully recommended that Petitioner is not entitled to equitable tolling.[3]

---

[3] In the alternative, Respondent maintains that Petitioner has no constitutionally protected due process liberty interest in his parole release. (D.E. 13, at 19). "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States'" Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000). The Fifth Circuit has determined that "there is no constitutional expectancy of parole in Texas." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); accord Green v. Johnson, 160 F.3d 1029, 1044 (5th Cir. 1998) ("Texas law does not confer a fundamental right to parole.") (citing Madison). Indeed, "it is entirely speculative whether an inmate will actually obtain parole inasmuch as there is no right to be released on parole." Madison, 104 F.3d at 768 (citation omitted). Because petitioner has no constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam); see also Johnson v. Rodriguez, 110 F.3d 299, 308 ("It is

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.") (citations omitted). Even if a parole board fails to comply with applicable rules and guidelines, a prisoner's custody is not necessarily illegal. See Brown v. Lundgren, 528 F.2d 1050, 1052-53 (5th Cir. 1976) ("the mere expectation of parole release while still in otherwise lawful custody is not so vested as to result in a 'grievous loss' if denied by the parole board").

     Accordingly, even if Petitioner timely filed this petition, he has failed to state a claim entitling him to federal habeas relief because there is no constitutional right to parole in Texas. Therefore, it is respectfully recommended that his due process claim should still be dismissed.

This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 13), be granted, and that this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 2nd day of December 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).